[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12145
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 17, 2010
JOHN LEY
CLERK

D. C. Docket No. 99-00050-CR-3-RV-MD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PAUL EVERETTE CLAYTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(February 17, 2010)

Before TJOFLAT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Paul Everette Clayton, a federal prisoner convicted of a crack cocaine

offense, appeals the denial of his pro se 18 U.S.C. § 3582(c)(2) motion for a reduction of his sentence. After review, we affirm.[1]

Under § 3582(c)(2), a district court may modify a defendant's term of imprisonment if the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2); see also U.S.S.G. § 1B1.10(a)(1). However, "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008), cert. denied, 129 S. Ct. 1601 (2009); see also U.S.S.G. § 1B1.10(a)(2)(B). A reduction is not authorized if the amendment does not lower a defendant's applicable guidelines range "because of the operation of another guideline or statutory provision . . . ." U.S.S.G. § 1B1.10 cmt. n.1(A).

Here, the district court did not err in denying Clayton's § 3582(c)(2) motion. Clayton's § 3582(c)(2) motion was based on Amendment 706 to the Sentencing Guidelines, which lowered most of the base offense levels in U.S.S.G. § 2D1.1(c) applicable to crack cocaine offenses. See U.S.S.G. app. C., amends. 706, 713.

---

[1]"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008).

Because Clayton was designated a career offender at his original sentencing, his offense level was based on U.S.S.G. § 4B1.1, not on U.S.S.G. § 2D1.1(c). Thus, Amendment 706 had no effect on Clayton's ultimate sentencing range. See Moore, 541 F.3d at 1327-28 (concluding that defendant sentenced as a career offender under U.S.S.G. § 4B1.1 was ineligible for a § 3582(c)(2) sentence reduction because Amendment 706 did not have the effect of lowering the applicable guidelines range).

Clayton's argument that he is eligible for a § 3582(c)(2) reduction based on United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), and Kimbrough v. United States, 552 U.S. 85, 128 S. Ct. 558 (2007), is foreclosed by our precedent. See United States v. Melvin, 556 F.3d 1190, 1192 (11th Cir.) (concluding that "Booker and Kimbrough do not prohibit the limitations on a judge's discretion in reducing a sentence imposed by § 3582(c)(2) and the applicable policy statement by the Sentencing Commission"), cert. denied, 129 S. Ct. 2382 (2009); United States v. Jones, 548 F.3d 1366, 1369 (11th Cir. 2008) (concluding that Booker does not provide a basis on which to grant a § 3582(c)(2) motion), cert. denied, 129 S. Ct. 1657 (2009).[2] Because Clayton was ineligible for resentencing under

_____

[2]Clayton's reliance on United States v. Knox, 573 F.3d 441 (7th Cir. 2009), is misplaced. Knox involved a direct appeal of an original sentence challenging a district court's pre-Kimbrough conclusion that it could not consider the crack/powder cocaine disparity in the guidelines in deciding whether to impose a sentence below the advisory guidelines range. 573

3

§ 3582(c)(2), the district court had no authority to consider the 18 U.S.C. § 3553(a) factors or the advisory guidelines range or exercise its discretion to impose a new sentence.

To the extent Clayton challenges his original sentence on due process and equal protection grounds, these arguments are outside the scope of a § 3582(c)(2) proceeding. See 18 U.S.C. § 3582(c)(2) (limiting proceedings to cases where retroactive amendment affects the applicable sentencing range); United States v. Bravo, 203 F.3d 778, 781-82 (11th Cir. 2000) (explaining that § 3582(c)(2) proceedings do not constitute de novo resentencings and § 3582(c)(2) does not "grant to the court jurisdiction to consider extraneous resentencing issues").

**AFFIRMED.**

---

F.3d at 446. Knox was not an appeal of a denial § 3582(c)(2) motion based on Amendment 706 and does not support Clayton's argument that, even though his sentencing range is based on his career offender status, he is eligible for a § 3582(c)(2) reduction because he was convicted of conspiracy under 21 U.S.C. § 846.